**Jami Sue GAY and Larry Gay, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. S 89–2550.**

United States District Court, D. Maryland.

July 6, 1990.

**276**

Perry Hilbert, Greenbelt, Md., for plaintiffs.

Breckinridge L. Willcox, U.S. Atty., and David P. King and Roann Nichols, Asst. U.S. Attys., Baltimore, Md., for defendant.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is a case filed under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, after exhaustion of administrative claims remedies. The plaintiff Jami Sue Gay was an inpatient at a federal health care facility, where she was the victim of an indecent assault by one Cibrian, then an enlisted member of the Navy assigned as a health care worker to the facility wherein plaintiff was confined. There appears to be no factual dispute about the particulars of the incident. As the plaintiff lay abed complaining of abdominal pain, Cibrian, who was neither a doctor nor a nurse, gave her an unauthorized, intimate physical exam, which included touching of her private parts in an unprofessional fashion. (For this, Cibrian was later court-martialed.) Plaintiffs' complaint sounds in three counts, the first alleging negligent hiring, training, and supervision by defendant of Cibrian, the second alleging that Cibrian was acting within the scope of his duties while indecently assaulting plaintiff, and the third alleging premises liability of the defendant for failure to maintain the premises in a reasonably safe state.

The matter is now before the Court on the defendant's motion for summary judgment. No oral argument is needed, and there is no genuine dispute as to material fact. In fact, no timely opposition has been filed to the motion. The only questions are legal ones, involving the sufficiency of plaintiffs' legal theories in light of the undisputed facts. Certainly, summary judgment can be granted in an FTCA case under the same criteria applicable generally, *viz.*, if the evidence would be insufficient to withstand a directed verdict motion at the end of a plaintiff's case. *See, e.g., Wachter v. United States*, 689 F.Supp. 1420, 1421 (D.Md.1988), *aff'd*, 877 F.2d 257 (4th Cir.1989). Maryland's substantive law

provides the rules of decision for all aspects of the case not expressly governed by federal law. *Id.*

■ First, the Court agrees with the defendant that nothing in the record of this case provides any factual support whatever for plaintiffs' first set of allegations, concerning negligent hiring, training, and supervision. In fact, the only evidence bearing on this point shows indisputably that Cibrian was a fully trained, highly-rated young man with absolutely nothing in his background or character known or knowable by the Navy to put it on notice that he should not have been enlisted, that he needed special training or special supervision, or that he should not have been assigned as a corpsman working with inpatients. The facts surrounding the incident suggest that, as Cibrian himself admitted, the assault was entirely out of character for him, and that it could not reasonably have been anticipated or guarded against by the Navy. Under the circumstances, there is absolutely no evidence warranting trial as to the negligence of the defendant in hiring, training, or supervising Cibrian.

■ Under Maryland law, an employer's liability in this regard is not to be reckoned simply by the happening of the injurious event. Rather, there must be a showing that the employer failed to use reasonable care in making inquiries about the potential employee, *see Cramer v. Housing Opportunities Commission*, 304 Md. 705, 501 A.2d 35 (1985), or in supervising or training the employee. In this case, there was a thorough background investigation by the Navy before Cibiran was enlisted, and, because of the unpredictable nature of the event, no showing could be made, justifying trial, that plaintiff's injuries were the proximate result of any failure by the Navy to use ordinary care. The Court has also considered whether, in light of the "special relation" test under which a Maryland-law duty to control the acts of third persons can give rise to liability, *see, e.g., Brown v. Baltimore & Ohio Railroad Company*, 805 F.2d 1133, 1138 (4th Cir. 1986), there is a triable issue. Assuming that a hospital's relationship with its patients fits within this class of special relations, *see id.* at n. 1 (discussing Restatement (2d) of Torts (1965), § 314A), there is still no triable issue presented in this case, because, as a matter of law, a hospital cannot be charged with foreseeing that each and every one of its employees— hired, trained, and supervised with due care—might nonetheless go suddenly haywire and unpredictably commit an indecent assault on a patient. Applicable law does not make even a special relationship into a *guarantee* of personal safety. Speaking to this very issue, the Restatement (2d) of Torts, in commentary *f* to § 314A, points out that even a defendant having a special relationship to a plaintiff "is not required to take precautions against a sudden attack from a third person which he has no reason to anticipate...." Thus, defendant is entitled to summary judgment as to Count I.

■ Because Count II seeks to impose vicarious liability on the United States for an assault and battery, it is barred by the so-called "intentional tort" exception to the FTCA's waiver of sovereign immunity, 28 U.S.C. § 2680(h). *See Sheridan v. United States*, 487 U.S. 392, 108 S.Ct. 2449, 2453–54, 101 L.Ed.2d 352 (1988).

■ Count III seeks to recover on a theory of premises liability. It is undoubtedly the general Maryland rule that, absent any special relation between the plaintiff and the defendant, the defendant, as landowner, owes no duty to insure the safety of plaintiff as a user of the premises from the criminal acts of others, unless there is some foreknowledge of a *particular* risk posed to the plaintiff that ought to have been guarded against. *See Tucker v. KFC National Management Co.*, 689 F.Supp. 560, 561 (D.Md.1988), *aff'd table*, 872 F.2d 419 (4th Cir.1989). Here, there is nothing in the record pointing out any foreknowledge that Cibrian would assault the plaintiff. Indeed, the contrary is undoubtedly the case, *i.e.*, that there was no reason to think Cibrian capable of such an act. To the extent that Count III can be read as setting up a claim relying on the special relation between hospital and patient as a form of premises liability, the claim must

fail for the same reasons it would fail if based on a simple negligence theory, as set forth *ante*.

For the reasons stated, an order will be entered separately, granting the defendant's motion for summary judgment, and entering judgment in its favor.