**Frank ECONOMIDES et al.**

v.

**Carlton F. GAY, et al.**

**No. CIV.A. DKC 2000–2531.**

United States District Court,
D. Maryland.

Aug. 8, 2001.

Athanasios T. Tsimedes, Law Office, Rockville, MD, for Plaintiffs.

Michael J. Budow, Budow & Noble, Bethesda, MD, K. Stewart Evans, Jr., Pepper Hamilton, LLP, Washington, DC, for Defendants.

### MEMORANDUM OPINION

CHASANOW, District Judge.

Plaintiff Frank Economides and his wife, Constandina, have filed this tort and breach of contract action for themselves and on behalf of their children, Vassiliki, Constandina, and Franciscos (hereinafter referred collectively as "the Economides") against Defendants Carlton Gay and Dean Witter Reynolds, Inc. ("Dean Witter"). Presently pending are Mr. Gay's motion to dismiss, or in the alternative, for summary judgment and Dean Witter's motion for judgment on the pleadings or, in the alternative, for summary judgment.[1] The is-

---

**1.** Motions to dismiss can be converted to summary judgment motions if both parties are "given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b)(6). "[T]he term reasonable opportunity requires that all parties be given 'some indication by the court ... that it is treating the 12(b)(6) motion as a motion for summary judgment,' with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall,* 761 F.2d 175, 177 (4th Cir.1985)(quoting *Johnson v. RAC Corp.,* 491 F.2d 510, 513 (4th Cir.1974)) (citations omitted). At the time these motions were filed, discovery had not yet commenced, although it has now been completed. Dean Witter has also filed a supplemental memorandum in support of its original motion. Paper No. 31. While plaintiffs do not object to consideration

sues are fully briefed, and no hearing is deemed necessary. Local Rule 105.6. For the following reasons, these motions shall be granted.[2]

## I. Background

According to the complaint, Frank Economides and his wife, Constandina, met with Mr. Gay, a senior vice president at Dean Witter, in March 1995 to open custodial accounts (referred to in the complaint as "UTMA accounts") on behalf of their children. The Economides allege that they told Mr. Gay that the UTMA accounts must only contain conservative investments. On March 22, 1995, Mr. Gay recommended that they purchase stock in Biocontrol Technology, Inc. ("BICO"); an investment Plaintiffs now view as highly speculative. Compl., ¶ 16. Plaintiffs also allege that Mr. Gay made representations that BICO produced a product that would eliminate the need for diabetics to prick their fingers to test their insulin and that based on inside information, approval from the Food and Drug Administration ("FDA") was imminent. Id.[3]

Plaintiffs authorized Mr. Gay to purchase shares of BICO stock and allege that because of Mr. Gay's representations about BICO, they purchased additional stock in the company through a discount broker. Plaintiffs allege that from March 1996 through 1998, Mr. Gay recommended increased investment in BICO stock because it constituted a solid conservative

investment and FDA approval was imminent on BICO's product, although Proctor and Gamble was causing delays. Pls. Compl. at ¶ 20. In fact, fifteen year old Franciscos in May 1996 spent $700.00 on BICO stock allegedly based on Mr. Gay's advice. Compl. at ¶ 18. Moreover, Plaintiffs contend that Mr. Gay knew (1) that BICO stock was a high risk investment; (2) that the BICO product would not receive FDA approval because the product was not as accurate as purported; (3) that Plaintiffs were relying on his advice to invest additional funds outside the UTMA accounts for their own personal retirement portfolios; and (4) that a class action lawsuit had been filed against BICO in 1996. Compl. at ¶ 21.

Mr. Gay left Dean Witter on January 16, 1998, and Elizabeth Boswell became Plaintiffs' stock broker. On April 3, 2000, the Economides sold all of the BICO shares in the UTMA accounts of Franciscos and Vassiliki. Plaintiffs claim that had they known that BICO was not a conservative stock or that a class action suit had been filed, they would not have permitted defendant to invest the UMTA funds nor would they have invested their retirement funds through a discount broker. They assert that Defendants' misconduct resulted in losses of $ 190,000 in BICO stock purchases. Pl. Compl. at ¶ 24.

## II. Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) "tests the sufficiency of a com-

of materials outside the pleadings, it is not necessary to convert the motions into summary judgment motions because all of plaintiffs' claims are insufficient.

**2.** Although Mr. Gay did not move to dismiss every count as did Dean Witter, the following counts shall be dismissed as to both Defendants because the same reasoning is applicable to each Defendant and Plaintiffs have had a full opportunity to respond to all of the arguments raised.

**3.** By contrast, Mr. Gay contends in his affidavit that the Economides requested that the funds in their children's accounts be invested in small growth stocks. In fact, Mr. Gay states that he warned the Economides that this investment approach was a risky one. Mr. Gay also denies advising them that any of BICO's products were close to receiving imminent approval from the FDA.

plaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir.1992). The motion should not be granted unless it appears the plaintiff can prove no set of facts that would entitle him to relief. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). Moreover, in considering the facts of the case for purposes of ruling on the Defendant's motion, the court will view the pleadings and materials presented in the light most favorable to the plaintiff, as the nonmoving party, assuming all factual allegations to be true. *See e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). It is important to note, however, that for purposes of Rule 12(b)(6), the court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. *See District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir.1979); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir.1999). In addition, the circumstances constituting alleged fraud must be pled with particularity. Fed.R.Civ.P. 9(b).

Rule 12 of the Federal Civil Rules of Procedure provides that after the pleadings are closed any party may move the court for a judgment on the pleadings. Fed.R.Civ.P. 12(c). The standard for granting judgment on the pleadings is similar to the standard under Rule 12(b)(6). *Gustafson v. Jones*, 117 F.3d 1015, 1017 (7th Cir.1997); 2 Moore's Federal Practice, § 16.05 (3d. ed. 2001)("The trial court may grant a judgment on the pleadings pursuant to Rule 12(c) only if it appears beyond doubt that the nonmoving party cannot prove any facts that would support his or her claim for relief, after it has accepted all well-pleaded allegations in the pleading as true, and drawn all reasonable inferences in favor of the nonmoving party.").

## III.  Analysis

Plaintiffs have brought five counts against Mr. Gay and Dean Witter: 1) constructive fraud; 2) intentional misrepresentation; 3) negligent misrepresentation; 4) breach of contract; and 5) negligent hiring, supervision, and retention. Defendants move to dismiss, collectively, on the grounds that a) Plaintiffs could not reasonably rely on opinions and predictive statements, b) the complaint fails to allege the bad intent needed for intentional or negligent misrepresentation, c) no contract is alleged to have existed, d) no specific act of misconduct is alleged regarding the hiring of Mr. Gay by Dean Witter, e) the basis for some of the compensatory damages and any claim for punitive damages is lacking, and, f) finally, that all claims are barred by the statute of limitations.[4] As more fully explained below, only some of these issues need be addressed because Plaintiffs' complaint fails as a matter of law.

### A.  Actionable Statements

Whether alleging fraud or intentional or negligent misrepresentation, Plaintiffs must allege that the statements made by Mr. Gay are actionable. Mr. Gay's false representations alleged by Plaintiffs are as follows: 1) BICO was a good conservative investment; and 2) FDA approval of the product was near and the BICO stock would soon increase in value. Despite the

---

4. Defendants argue that all of Plaintiffs' claims are barred by the three year statute of limitations in MD. CODE ANN., CTS. & JUD. PROC. § 5–101 (1998). The parties dispute when the claims accrued. Because the court is granting Defendants' motions on other grounds, there is no need to resolve this issue.

clear presentation of this argument in Dean Witter's motion, plaintiffs have utterly failed to address it in their response.

■ In Maryland, "statements which are merely promissory in nature and expressions as to what will happen in the future are not actionable as fraud." *Miller v. Fairchild Indus., Inc.*, 97 Md.App. 324, 342, 629 A.2d 1293, 1302 (1993) (quoting *Finch v. Hughes Aircraft Co.*, 57 Md. App. 190, 232, 469 A.2d 867 (1984)); *Rizika v. Merrill Lynch, Pierce, Fenner, and Smith, Inc.*, No. M–80–1418, 1981 WL 1619, at *2 (D.Md. Jan. 28, 1981) ("Generally speaking, an action for fraud can only be predicated upon misrepresentation of past or existing fact."); *Miller v. Premier Corp.*, 608 F.2d 973, 981 (4th Cir.1979) (applying South Carolina law) (finding "a false prediction or promise of future events generally cannot be a basis for fraud because it is not a representation, there is not a right to rely on it, and it is not false when made.").

■ Mr. Gay's alleged representation that BICO stock was a conservative stock investment is not actionable because it represents his opinion, not a past or existing fact. Thus, even assuming that Mr. Gay made the representation and was mistaken, his opinion alone does not constitute an adequate foundation for a fraud claim. Additionally, Plaintiffs present absolutely no authority or argument to support the proposition that these statements are actionable.

■ Moreover, "mere expressions of hope or expectation regarding future [agency] approval [of a product], not worded as guarantees, are not actionable." *In re Medimmune Sec. Lit.*, 873 F.Supp. 953, 954 (D.Md.1995). While Plaintiffs do allege that Mr. Gay represented the FDA would approve BICO's product "any day now", they do not allege that Mr. Gay ever guaranteed that the product would receive approval. In fact, they allege that he specified Proctor and Gamble as a current thorn in the FDA approval process. Thus, neither Mr. Gay's statements about the conservative nature of the BICO investment nor the product obtaining future FDA approval are actionable as fraud or misrepresentation under Maryland law.

### B.  Breach of Contract

■ Although Plaintiffs have filed a breach of contract claim, they have failed to identify or describe the nature of an actual, existing contract, despite Dean Witter's argument in its motion. In Maryland, plaintiffs are required to provide more than "skeletal factual allegations accompanied by nothing more than mere conclusions and general averments of a breach of contractual duty." *Pritchett v. General Motors Corp.*, 650 F.Supp. 758, 763 (D.Md.1986) (quoting *Continental Masonry Co. Inc. v. Verdel Construction Co., Inc.*, 279 Md. 476, 481, 369 A.2d 566, 569 (1977)). Accordingly, Plaintiffs' breach of contract claim shall be dismissed.

### C.  Negligent  Hiring,  Supervision, and Training

■ Plaintiffs allege that Dean Witter improperly hired, supervised, and retained Mr. Gay. This type of action requires the following:

> [u]nder Maryland law, an employer's liability in this regard is not to be reckoned simply by the happening of the injurious event. Rather, there must be a showing that the employer failed to use reasonable care in making inquiries about the potential employee, *see Cramer v. Housing Opportunities Commission*, 304 Md. 705, 501 A.2d 35 (1985), or in supervising or training the employee.

*Gay v. United States*, 739 F.Supp. 275, 276 (D.Md.1990). Although Plaintiffs allege

that Dean Witter demonstrated negligence in hiring and retaining Mr. Gay, they fail to allege a specific instance illustrating that Dean Witter failed to use reasonable care in employing this particular employee. Consequently, the court shall dismiss this claim.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss and the motion for judgment on the pleadings will be granted and all claims against Carlton Gay and Dean Witter will be dismissed. In response to these motions, Plaintiffs have not suggested that they can allege more or different facts that might cure the defects found. Out of an abundance of caution, however, plaintiffs will be granted 15 days within which to seek leave to amend. A separate Order will be entered.