**Richard L. BECKWITH Plaintiff**

v.

**Tammie J. HART, et al. Defendants**

**No. CIV.A. WMN–02–3733.**

United States District Court,
D. Maryland.

March 12, 2003.

Thomas M. DiBiagio, Baltimore, MD, Michael A. DiPietro, Allen F. Loucks, Office of U.S. Atty., Baltimore, MD, for U.S.

## MEMORANDUM

NICKERSON, District Judge.

On July 2, 2002 the above captioned complaint was filed in the Circuit Court for Allegany County, alleging that Defendant Hart had defamed Plaintiff's character. Paper No. 2. Subsequently, the action was removed to this Court because it is a claim made pursuant to the Federal Tort Claims Act. Paper No. 1. Currently pending before this Court is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 15. Although Plaintiff was notified by this Court that the Defendants had filed a dispositive motion which, if granted could result in the dismissal of his complaint, and he was notified of the need for his response thereto, he has failed to file a timely response. *See* Paper No. 16. Plaintiff contacted this Court by way of Motion for Indeterminate Extension of Time in this matter and was provided with an additional period of time within which to file his summary judgment response. *See* Paper No. 18. To date, there has been no response filed by Plaintiff and this case is now ripe for dispositive review.

In his complaint Plaintiff alleges that Ms. Hart "slander and libel plaintiff per se on numerous occasions by publishing statements, which defendant either knew, or should have known, were not true". Paper No. 2 at p. 1. He further alleges that Ms. Hart's statements "injure[d] plaintiff's standing and reputation further negligently, recklessly, and/or intentionally inflicting emotional distress and suffering upon the plaintiff." *Id.* Specifically, Plaintiff claims that Ms. Hart referred to him as a liar and a vexatious litigant with a morally deviant character. *Id.* Mr. Beckwith seeks damages in the amount of $70,000 in addition to any punitive damages "to be fixed by jury". *Id.* at p. 3. Plaintiff filed an amended complaint which, although received by Counsel for defendants was never received

in this Court. A copy of the amended complaint has been provided to the Court by Counsel and has now been docketed in the case. *See* Paper No. 19. In the amended complaint Plaintiff adds that "Defendant Hart struck the person of Plaintiff with an object, causing injury thereby to the person of Plaintiff." *Id.* at p. 2. He alleges that, in addition to Ms. Hart, three other prison employees witnessed the assault on Plaintiff and failed to obtain medical attention for Plaintiff. *Id.* He adds that Defendant Hart acted out of retaliation against him for litigation. *Id.* He claims that the use of force by Ms. Hart violated his Eighth Amendment right against cruel and unusual punishment; that his First Amendment rights were infringed; and that Defendants Holler, Giarth and Navalaney negligently failed to protect him from injury. *Id.*

**Motion to Dismiss**

 Under the FTCA, the United States is liable, as a private person, for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment." 28 U.S.C. § 1346(b) (1994). As a waiver of sovereign immunity, the FTCA is to be narrowly construed. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992). Immunity is not waived for any claim based upon "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(d). Specifically exempted from the FTCA are claims alleging libel and slander. *See* 28 U.S.C. § 2680(h); *see also Talbert v. United States*, 932 F.2d 1064, 1067 (4th Cir.1991)(Federal employee's claim for negligent record keeping is barred by the libel and slander exemption of the FTCA).

Plaintiff's claim against Ms. Hart for libel and slander must therefore be dismissed for lack of subject matter jurisdiction. Defendants' Motion to Dismiss shall be granted on this claim.

**Motion for Summary Judgment**

 "[S]ummary judgment should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not necessary to clarify the application of the law." *Haavistola v. Community Fire Co. of Rising Sun*, 6 F.3d 211, 214 (4th Cir.1993) (citations omitted). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.... Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial" summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The facts in this case are not disputed. Although the complaint does not specify the particular events giving rise to this action, Defendants have explained the events occurring on the dates mentioned in the complaint and the amended complaint. *See* Paper No. 15 at pp. 3—6. As explained by Defendants:

> On July 10, 2002, Ms. Hart, Mr. Giarth and Mr. Navalaney were conducting a team meeting in the A–Unit conference

room at FCI, Cumberland. At approximately 1:40 p.m. that afternoon, Mr. Holler interrupted the meeting to tell Ms. Hart that inmate Beckwith wanted multiple Request for Administrative Remedy forms. Ms. Hart instructed Mr. Beckwith to enter the conference room to explain what he wanted. A brief discussion regarding whether inmate Beckwith had received responses to informal administrative remedy requests that are filed with staff before the formal administrative remedies are filed ensued, and Ms. Hart eventually instructed inmate Beckwith to leave the conference room so that the team could conclude the meeting.

After leaving the conference room, inmate Beckwith re-opened the conference room door and entered the room without knocking and without permission from a correctional officer or other staff. Ms. Hart instructed inmate Beckwith to leave the room and not to enter again without knocking. As Ms. Hart attempted to shut the conference room door, inmate Beckwith prevented her from doing so by placing his foot against the door. Ms. Hart asked inmate Beckwith to move his foot so that she could close the door and he complied. Inmate Beckwith did not inform Ms. Hart, Mr. Holler, Mr. Giarth or Mr. Navalaney that he was injured or in need of medical attention.

At approximately 2:05 p.m. on July 10, 2002, inmate Beckwith informed Senior Officer W. Whitaker that his foot had been struck by a door. . . . Officer Whitaker notified health services regarding inmate Beckwith's situation and released inmate Beckwith from the unit to go to health services.

*Id.* at pp. 5—6 (internal citations omitted). Upon being examined by the prison medical staff, which included an x-ray of his foot, it was determined that Plaintiff had not suffered an injury as a result of the events taking place on July 10, 2002. *See Id.* at Ex. B.

*Negligence Claims*

■ Other than his original libel and slander claims which are subject to dismissal, Plaintiff also asserts that Defendant Hart was negligent when she hit him with the door. Paper No. 19 at p. 2. In addition he complains that Giarth, Holler and Navalaney were negligent by failing to prevent Defendant Hart from hitting him with the door; and that all named defendants were negligent in failing to obtain medical care for him. *Id.* To prevail on these claims Plaintiff must establish that his injuries were "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). In this case, Maryland law must be examined to determine if Plaintiff can make out a claim of negligence. Under Maryland law, "[t]he basic elements of a negligence claim are: (1) a duty or obligation under which the defendant is to protect the plaintiff from injury; (2) breach of that duty; and (3) actual loss or injury to the plaintiff proximately resulting from the breach." *Bobo v. State*, 346 Md. 706, 714, 697 A.2d 1371, 1375 (1997). In applying these elements it is clear that Plaintiff's negligence claims must fail.

■ Plaintiff can not establish that any of the defendants breached the duty of care owed to him. As Federal Bureau of Prison employees, Defendants have a general duty to exercise ordinary diligence to keep inmates safe and free from harm. *Cowart v. United States*, 617 F.2d 112, 116 (5th Cir.1980) *see also* 18 U.S.C. § 4042. That duty does not encompass the notion

that every injury, of any degree that befalls a federal prisoner is compensable under the FTCA. *See Flechsig v. United States,* 786 F.Supp. 646, 650 (E.D.Ky. 1991), *aff'd,* 991 F.2d 300 (6th Cir.1993). When Defendant Hart closed the door she had no reason to believe that Plaintiff would in any way be harmed; it is not an act of negligence to close a door. Likewise, the failure of Giarth, Holler and Navalaney to rally to Mr. Beckwith's defense was not negligence. The inquiry in this case must focus on what is reasonable or foreseeable under the circumstances. Under these circumstances it was not foreseeable to any of the Defendants that Plaintiff might have been injured by the simple act of closing a door.

With respect to Plaintiff's claim regarding medical care, the defendants duty to facilitate Plaintiff's medical care does not arise where, as here, they are unaware of Plaintiff's need for the care. According to the affidavits of the defendants, which are uncontested by Plaintiff, they were not informed by Plaintiff that he required any medical care after the incident. There exists no duty to act upon unknown information. To hold otherwise would be to reduce the Federal Bureau of Prisons to an underwriter of every slip and fall claim made by its prisoners. In addition, it is clear that, once Plaintiff informed a correctional officer that he needed medical attention, Plaintiff was examined by medical personnel. He received this attention approximately 30 minutes after the alleged injury was sustained. *See* Paper No. 15 at Ex. 6 and 7. Given the nature of the "injury" Plaintiff sustained, *i.e.,* slight swelling to his left foot, the almost immediate medical attention he received was more than sufficient.[1]

■ Plaintiff's claim for battery based on the facts as alleged is also subject to dismissal. There is no evidence here from which any reasonable person could conclude that Ms. Hart "acted out of personal motivations, to wit: retaliation for litigation" when she closed the door to the conference room. Paper No. 19, p. 2. After Plaintiff intruded on a meeting among prison personnel, Ms. Hart's only apparent motive was to have Plaintiff leave and regain the privacy of the meeting. Paper No. 15 at Ex. 2, p. 2. The claim of battery is simply unsubstantiated by the evidence and must be dismissed.

*Constitutional Claims*

■ In addition to his negligence claims Plaintiff asserts that the incident described also violates his constitutional rights.[2] Specifically he claims that he was subjected to excessive force in violation of his Eighth Amendment rights; and that his First Amendment rights were abridged. Paper No. 19. It is clear that Plaintiff can not sustain a claim that his constitutional rights were violated in this case.

■ Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm". *Hudson v. McMillian,* 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted;

1. Having found that Plaintiff was provided medical attention in a timely manner, any constitutional claim for deliberate indifference to a serious medical need that Plaintiff seeks to assert is also subject to summary judgment.

2. Plaintiff asserts these claims pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers,* 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). In the instant case it is a stretch to even characterize the actions of Ms. Hart as an application of force. Even if her actions are so characterized, Plaintiff cannot establish that Ms. Hart closed the door on his foot maliciously for purposes of causing him harm. In addition, Plaintiff can not show that he suffered sufficient harm to establish a constitutional violation. "Not every push or shove ... violates a prisoner's constitutional rights." *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *see also Norman v. Taylor,* 25 F.3d 1259, 1263 (4th Cir. 1994)(more than *de minimis* injury required to establish conduct violative of the Eighth Amendment). The Eighth Amendment excessive force claim must be dismissed.

 The only discernable First Amendment claim Plaintiff has presented to the Court is his claim that Ms. Hart's actions were in "retaliation for litigation". Paper No. 19 at p. 2. Plaintiff has provided this Court with no details regarding this claim. In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir.1994), *cert. denied,* 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995). " 'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.' " *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir.1987) (quoting *Flaherty v. Coughlin,*

713 F.2d 10, 13 (2nd Cir.1983)); *Pierce v. King,* 918 F.Supp. 932, 945 (E.D.N.C.1996) (conclusory allegations of retaliation insufficient to state claim). Because the allegation of retaliation in the instant case is conclusory, it is subject to dismissal.

By separate Order which follows, Defendants' Motion to Dismiss shall be granted with respect to Plaintiff claim for libel and slander and the Motion for Summary Judgment shall be granted as to all other claims.

### *ORDER*

For the reasons stated in the foregoing Memorandum it is this ____day of _____, 2003 hereby ORDERED that:

1. Defendants' Motion to Dismiss is GRANTED as to all claims regarding libel or slander;

2. Defendants' Motion for Summary Judgment is GRANTED as to all remaining claims;

3. The Clerk is DIRECTED to mail a copy of the foregoing Memorandum and a copy of this Order to Plaintiff and to counsel for Defendants; and

4. The Clerk is further DIRECTED to CLOSE this file.