**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CHRISTOPHER J. NEWMAN; MARY
FRANCES NEWMAN,
                    *Plaintiffs-Appellants,*

            v.

MOTOROLA, INCORPORATED; BELL
ATLANTIC MOBILE, INCORPORATED,
a/k/a Bell Atlantic NYNEX, a/k/a
Nynex, formerly known as Bell
Atlantic NYNEX Mobile,
Incorporated; SOUTHWESTERN BELL
MOBILE SYSTEMS, INCORPORATED,
d/b/a Cellular One,
Washington/Baltimore, a/k/a
Cellular One, a/k/a Cellular One
Washington/Baltimore;                    No. 02-2424
WASHINGTON/BALTIMORE CELLULAR
LIMITED PARTNERSHIP; CELLULAR
TELECOMMUNICATION INDUSTRY
ASSOCIATION; TELECOMMUNICATION
INDUSTRY ASSOCIATION, a/k/a TIA,
                    *Defendants-Appellees,*

            and

ABC CORPORATION, a presently
unidentified entity or entities;
CELLCO PARTNERSHIP, d/b/a Verizon
Wireless, formerly known as Bell
Atlantic Mobile, formerly known as
Bell Atlantic NYNEX Mobile;
NATIONWIDE MOTOR SALES
CORPORATION, d/b/a Nationwide

Mobile Communications; CELLULAR ONE GROUP, a/k/a Cellular One; JOHN DOE, a presently unidentified individual or individuals; VERIZON MARYLAND, INCORPORATED, a/k/a Verizon Wireless, Verizon, formerly known as Bell Atlantic, Maryland, Incorporated; SBC COMMUNICATIONS, INCORPORATED; BELL ATLANTIC CORPORATION, a/k/a Bell Atlantic,
*Defendants.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-00-2609-CCB)

Argued: September 26, 2003

Decided: October 22, 2003

Before WIDENER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** H. Russell Smouse, LAW OFFICES OF PETER G. ANGELOS, P.C., Baltimore, Maryland, for Appellants. Jane F. Thorpe, ALSTON & BIRD, L.L.P., Atlanta, Georgia, for Appellees. **ON BRIEF:** John C.M. Angelos, LAW OFFICES OF PETER G. ANGELOS, P.C., Baltimore, Maryland; H. Thomas Howell, HOW-ELL & GATELY, Baltimore, Maryland, for Appellants. Scott A. Elder, ALSTON & BIRD, L.L.P., Atlanta, Georgia; David R. Vender-

bush, ALSTON & BIRD, L.L.P., New York, New York; Garrett B. Johnson, Barry E. Fields, Carole A. Cheney, Terrence J. Dee, Jonathan E. Hinkemeyer, KIRKLAND & ELLIS, Chicago, Illinois; Paul F. Strain, VENABLE, BAETJER & HOWARD, L.L.P., Baltimore, Maryland; M. King Hill, III, VENABLE, BAETJER & HOWARD, L.L.P., Towson, Maryland; Thomas C. Watson, Curtis S. Renner, WATSON & RENNER, Washington, D.C.; Michael Esher Yaggy, Kenneth L. Thompson, Jeffrey M. Yeatman, PIPER RUDNICK, L.L.P., Baltimore, Maryland; Robert B. Green, David B. Irwin, IRWIN, GREEN, DEXTER & MURTHA, L.L.P., Towson, Maryland; Daniel R. Lanier, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland; Paul H. Vishny, Paul E. Freehling, D'ANCONA & PFLAUM, L.L.C., Chicago, Illinois, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

This is a product liability case, and the issue on appeal is whether the district court erred in excluding the causation opinion proffered by one of the plaintiffs' experts, an epidemiologist. Finding no error, we affirm.

Dr. Christopher J. Newman used a cellular telephone manufactured by Motorola, Inc. from October 1992 until he was diagnosed with brain cancer in March 1998. During that time Dr. Newman spoke on the telephone for approximately 343 hours, typically holding the phone next to his right ear with the antenna retracted. Cellular phones emit radiofrequency radiation, the exposure to which is measured by specific absorption rate (SAR). The Federal Communications Commission has promulgated regulations specifying a maximum SAR for cellular phones, and government and private researchers have for years studied the health effects of exposure to radiofrequency radia-

tion from the use of cellular phones. These researchers have generally failed to establish a connection between brain cancer and the use of cellular phones. Nevertheless, Dr. Newman claimed that his use of a cellular phone, and specifically his exposure to radiofrequency radiation, caused his malignant brain tumor.

Dr. Newman and his wife sued Motorola and other defendants on August 28, 2000. The parties conducted discovery and designated experts on the issues of general and specific causation. At the conclusion of discovery, each side filed a motion to exclude the other's proffered expert testimony. The district court conducted an evidentiary hearing from February 25 to March 1, 2002, after which it concluded that the Newmans had not proffered any reliable or relevant evidence to support either general or specific causation. The court therefore granted the defendants' motion to exclude the testimony of all of the Newmans' experts on causation. Because this ruling left the Newmans with no admissible evidence on causation, the district court then granted summary judgment to the defendants.

The Newmans appeal the district court's exclusion of only one of their experts, Dr. Lennart Hardell (an epidemiologist), claiming that the court improperly applied the *Daubert* reliability test with respect to Dr. Hardell's testimony. Specifically, the Newmans argue that the district court scrutinized Dr. Hardell's conclusions rather than his methods and weighed evidence and assessed the credibility of competing experts, which improperly transformed the *Daubert* hearing into a trial on the merits. We review the district court's exclusion of expert testimony for abuse of discretion. *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 200 (4th Cir. 2001).

Federal Rule of Evidence 702 requires a trial judge to perform a gatekeeping function with respect to expert testimony; for such testimony to be admissible, the judge must determine that it is both reliable and relevant. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993). The Supreme Court in *Daubert* set forth a non-exclusive checklist of factors that a judge may consider in assessing the reliability of expert testimony. *Daubert*, 509 U.S. at 594. In the end, the trial judge has "considerable leeway" in making the admissibility determination. *United States v. Barnette*, 211 F.3d 803, 816 (4th Cir. 2000).

The district court identified several problems with Dr. Hardell's proffered testimony on causation, and we mention two. Most significantly, the district court observed that Dr. Hardell's research fails to show that users of cellular phones face an increased risk for developing malignant brain tumors. Although Dr. Hardell testified that his research shows an increased risk for developing brain tumors generally, he achieved this result only by considering the occurrence of a particular subtype of benign tumors, specifically, benign acoustic neurinomas. The district court questioned the relevance of research linking the use of cellular phones to the development of acoustic neurinomas because Dr. Newman does not have an acoustic neurinoma; he has a malignant astrocytoma. The district court also questioned the reliability of Dr. Hardell's research because it failed to demonstrate a dose-response relationship, that is, it failed to show that with greater use of cellular phones, a person faced a greater risk of developing a tumor. Showing a dose-response relationship is, as Dr. Hardell agreed, an important factor in establishing causation. In short, Dr. Hardell's testimony faced problems of both relevance and reliability, as the district court determined.

After reviewing the briefs and the joint appendix and considering the arguments of counsel, we conclude that the district court did not abuse its discretion in excluding the testimony of Dr. Hardell. We affirm on the reasoning of the district court. *See Newman v. Motorola, Inc.*, 218 F. Supp. 2d 769 (D. Md. 2002).

*AFFIRMED*