843 A.2d 902

**Lisa HOGAN**

v.

**THE MARYLAND STATE DENTAL ASSOCIATION.**

No. 589, Sept. Term, 2003.

Court of Special Appeals of Maryland.

March 8, 2004.

Charles Brown of Washington, D.C. (H. Robert Erwin, Jr., on the brief), Baltimore, for appellant.

Connie E. Eisman (David B. Hamilton, Sarah N. Otwell, Ober, Kaler, Grimes & Shriver on the brief), Baltimore, for appellee.

Argued before JAMES R. EYLER, CHARLES E. MOYLAN, JR. (Ret., specially assigned), JOHN J. BISHOP, JR. (Ret., specially assigned), JJ.

JAMES R. EYLER, Judge.

The question presented by this appeal is whether dental patients who, at any time, received dental fillings containing mercury have stated a legally cognizable claim against the State professional association for dentists for (1) violation of the Maryland Consumer Protection Act and (2) fraud. We answer that question in the negative, and therefore, we shall affirm the judgment of the circuit court.

## Facts

On February 21, 2002, Lisa Hogan, one of two appellants, filed a complaint in the Circuit Court for Baltimore City against The American Dental Association (ADA) and the Maryland State Dental Association, Inc., appellee. The complaint was filed as a class action on behalf of all Maryland residents who, at any time, received dental fillings containing mercury. Hogan alleged that the defendants, professional

associations for dentists, deceived consumers by concealing the health risk of implanted dental fillings that contained toxic mercury. In count one, she alleged unfair and deceptive trade practices under the Maryland Consumer Protection Act, Md. Code *Commercial Law* Sections 13–101, *et. seq.* (1975, 2000 Repl.Vol.) [1], and in count two, she alleged fraud. She claimed as damages the cost of removing dental fillings containing mercury and also sought to enjoin the practices complained of in the complaint.

The defendants filed motions to dismiss asserting, *inter alia,* failure to state a claim and improper venue. On June 7, 2002, appellant filed an amended complaint. On June 25, 2002, the case was transferred to the Circuit Court for Baltimore County. The defendants again filed motions to dismiss, again asserting, *inter alia,* failure to state a claim.

On or about September 24, 2002, a second amended complaint was filed adding Victoria Bolton, the other appellant, as a plaintiff. The second amended complaint is the operative complaint. Appellee and the ADA again filed motions to dismiss, asserting, *inter alia,* that the complaint failed to state a claim. By opinion and order dated April 18, 2003, the circuit court dismissed appellants' second amended complaint as to appellee for failure to state a claim. The circuit court also granted the ADA's motion to dismiss on the basis that the court had no jurisdiction over it. Appellants do not challenge the latter ruling.

On appeal, appellants contend the circuit court erred in granting appellee's motion to dismiss. The Baltimore County Dental Association and the Arizona Dental Association have filed an amicus brief in support of appellee's position. The International Academy of Oral Medicine and Toxicology, the American Academy of Biological Dentistry, and the Holistic Dental Association have filed an amicus brief in support of

---

1. Hereinafter referred to as the Maryland Consumer Protection Act or the Act.

appellants' position. We shall affirm the judgment of the circuit court.

## Standard of Review

In considering a motion to dismiss, the trial court must assume the truth of all well pleaded relevant and material factual allegations in the complaint as well as any reasonable inferences that might be drawn from those allegations. *Allied Inv. Corp. v. Jasen*, 354 Md. 547, 555, 731 A.2d 957 (1999) (citations omitted). Dismissal of a complaint is proper when the alleged facts and reasonable inferences, if proven, would fail to afford relief to the plaintiff. *Bobo v. State*, 346 Md. 706, 709, 697 A.2d 1371 (1997); *Morris v. Osmose Wood Preserving*, 340 Md. 519, 531, 667 A.2d 624 (1995). In reviewing an order granting a motion to dismiss, this Court must determine whether the trial court was legally correct. *Fioretti v. Maryland State Bd. of Dental Examiners*, 351 Md. 66, 71, 716 A.2d 258 (1998) (citations omitted). This court shall uphold the trial court's ruling only "when the complaint does not disclose, on its face, a legally sufficient cause of action." *Campbell v. Cushwa*, 133 Md.App. 519, 534, 758 A.2d 616 (2000) (citing *Hrehorovich v. Harbor Hosp. Ctr., Inc.*, 93 Md.App. 772, 785, 614 A.2d 1021 (1992)). All facts and allegations must be viewed in the light most favorable to the non-moving party. *See Shoemaker v. Smith*, 353 Md. 143, 167, 725 A.2d 549 (1999).

## Discussion

### Consumer Protection Act

Appellants contend appellee is engaged in unfair and deceptive trade practices in violation of the Maryland Consumer Protection Act. The underlying premise of appellants' complaint is that mercury and mercury compounds are highly toxic to the human body and mercury vapors emitted from dental fillings cause a number of health risks.

Most of appellants' allegations are directed at the ADA, but they also allege that appellee is a "constituent state association

of the ADA" and follows rules and practices of the ADA. Appellants allege that (1) appellee does not warn about the toxicity of mercury, including a failure to warn in written materials disseminated in Maryland, (2) appellee, in conjunction with the ADA, has suppressed information through the ADA Seal of Acceptance Program, and (3) appellee, in conjunction with the ADA, has suppressed information through ethical codes.

With respect to (1), appellants allege that appellee has taken the position that scientific research has not established that dental fillings containing mercury are a health hazard and has attempted to conceal the actual danger. With respect to (2), appellants allege that, when the ADA gives a product its Seal of Acceptance, it means it meets ADA requirements for safety and effectiveness and the manufacturer's claims are accurate. According to appellants, approximately 1,300 products carry the Seal of Acceptance. Some of these products are sold to consumers, and the rest are prescribed or used by dentists. Appellants allege that several manufacturers of fillings containing mercury have received the Seal of Acceptance. With respect to (3), appellants allege that the ADA code of ethics provides that it is unethical for a dentist to remove a filling containing mercury from a non-allergic patient, for the alleged purpose of removing a toxic substance, when it is done solely at the suggestion of the dentist.

Interpreting the complaint in the light most favorable to appellants, it demonstrates, at most, the existence of a dispute in the scientific community as to whether dental fillings containing mercury pose a health risk. The dispute is well known. Appellants allege that "literally hundreds of peer-reviewed scientific studies" have concluded that dental fillings containing mercury "pose a significant risk of harm to individuals."

The Maryland Consumer Protection Act was not intended to impose liability in factual situations such as the one before us. Specifically, in the words of the statute, appellant is not a "merchant" under Commercial Law, section 13–101(g), and

dental fillings are not "consumer goods" under Commercial Law, section 13–101(d). Additionally, the facts alleged come within an express exemption in the Act applicable to the professional services of a "dental practitioner." Section 13–104(1).

The Maryland Consumer Protection Act was enacted by the General Assembly in response to "mounting concern over the increase of deceptive practices in connection with sales of merchandise, real property, and services and the extension of credit." Section 13–102(a)(1). The Act allows consumers to recover from persons who engage in deceptive trade practices related to the sale or offering for sale of consumer goods, consumer realty, or consumer services; the extension of consumer credit; or the collection of consumer debts. Section 13–303; *Consumer Protection Div. v. Outdoor World Corp.*, 91 Md.App. 275, 288, 603 A.2d 1376 (1992).

### Appellee Is Not A "Person" Or A "Merchant" Under The Act Because It Did Not Sell Or Offer To Sell

■ Section 13–303 states that a "person" who offers to sell or sells consumer goods may not engage in deceptive trade practices related to that offer or sale. A "person" is a "merchant" because section 13–101(g) defines "merchant" as one who "directly or indirectly either offers or makes available to consumers any consumer goods. . . ."

We hold that appellee, based on the allegations in the complaint, is not a "person"/"merchant" within the meaning of the Act because it did not sell or offer to sell. This holding is in accord with the decision in *Newman v. Motorola, Inc.*, wherein the plaintiffs sought damages for personal injuries, allegedly caused by the use of cellular telephones, from the defendant Cellular Telecommunications Industry Association, a trade association. The United States District Court for the District of Maryland held that the trade association was not a merchant within the meaning of the Consumer Protection Act. 125 F.Supp.2d 717, 724 (D.Md.2000), *aff'd*, 78 Fed. Appx. 292 (2003).

Appellants urge this Court to rely on our holding in *State v. Cottman Transmissions Systems* to extend the meaning of "merchants" to include appellee. 86 Md.App. 714, 587 A.2d 1190 (1991). We decline to do so. *Cottman* involved a contractual relationship between a franchisor and its franchisees, a relationship distinct from one between a professional organization and its members. Additionally, the trial court in *Cottman* found that defendant was a merchant by being "indirectly involved in the transmission repairs" and that finding was not at issue on appeal. *Cottman* at 719 n. 4, 587 A.2d 1190. Presumably it was not challenged because the evidence indicated that the franchisor controlled every aspect of each franchisee's business.

Appellants have not alleged that appellee manufactured, sold, distributed, implanted, or otherwise participated in the sale of dental fillings in a manner that would support liability under the Act. The allegation that appellee and the ADA took "an active role in controlling" how member dentists practiced their profession, as summarized above, is insufficient to be regarded as tantamount to an offer to sell or to a sale. *See Morris v. Osmose Wood Preserving*, 340 Md. 519, 541, 667 A.2d 624 (1995) (the deceptive trade practice must occur in the sale or offer for sale to the consumer).

### *Dental Fillings Are Not Consumer Goods*

Consumer goods are defined by the Act as goods "which are primarily for personal, household, family, or agricultural purposes." Section 13–101(d). Dental fillings are not purchased by consumers as a good but are selected and used by a practitioner as part of a professional service. The Consumer Protection Act expressly exempts professional services, including services rendered by dental practitioners. Section 13–104(1) ("This title does not apply to: The professional services of a ... medical or dental practitioner.")

Accordingly, the Maryland Consumer Protection Act is not applicable.

### *Facts Alleged Were Insufficient To Establish Fraud*

Appellants claim appellee committed fraud by concealing the dangers of exposure to dental fillings containing mercury. The allegations described above are repeated and relied upon in the fraud count. For example, appellants allege that appellee and the ADA "conspired to suppress health alerts through their ethical codes" and have "constructed and actively use their ethical codes as a device to suppress and conceal material information regarding the health risks of dental amalgam from consumers such as [Appellants], by preventing member dentists from suggesting or informing dental patients of the risks of mercury amalgam or suggesting or advocating the removal of mercury amalgam[.]" Appellants allege appellee had a duty to warn "of the risks associated with mercury amalgams, and also had a duty not to preclude such legally mandated warnings from reaching consumers."

 The elements required to establish a case of fraud or deceit are well settled in the law. In order for a plaintiff to prevail in an action for fraud, the plaintiff must establish the following:

(1) [T]hat the representation made is false; (2) that its falsity was either known to the speaker, or the misrepresentation was made with such a reckless indifference to truth as to be equivalent to actual knowledge; (3) that it was made for the purpose of defrauding the person claiming to be injured thereby; (4) that such person not only relied upon the misrepresentation, but had a right to rely upon it in the full belief of its truth, and that he would not have done the thing from which the injury resulted had not such misrepresentation been made; and (5) that he actually suffered damage directly resulting from such fraudulent misrepresentation.

*Martens Chevrolet, Inc. v. Seney,* 292 Md. 328, 333, 439 A.2d 534 (1982).

Appellants do not allege any specific misrepresentations of fact. The essence of appellants' complaint is that appellee, while stating that evidence is insufficient to establish that

dental fillings containing mercury pose a serious health risk, has concealed the actual danger.

As noted previously, appellants do not challenge the dismissal of their complaint against the ADA, and many, perhaps most, of the allegations are directed to the ADA. The following allegations are those expressly relied on by appellants in that portion of their brief challenging the dismissal of the fraud count against appellee. Appellee and the ADA (1) "concealed from the public, such as through its 'Seal of Acceptance' program," the risk of mercury fillings, (2) "term[ed] the product 'silver,'" and (3) used "strong arm tactics toward dissident dentists so the public never learns about the presence or risk of mercury fillings."[2] Because the allegations are, in essence, concealment, we shall move to a discussion of that variety of fraud.

■ The elements for a claim of fraudulent concealment are:

(1) [T]he defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment.

*Green v. H & R Block, Inc.,* 355 Md. 488, 525, 735 A.2d 1039 (1999).

■ Typically non-disclosure does not constitute fraud unless a special duty to disclose exists. *Impala Platinum, Ltd. v. Impala Sales (U.S.A.), Inc.,* 283 Md. 296, 323, 389 A.2d 887 (1978). A duty to disclose arises in certain relationships such as a confidential or fiduciary relationship. *Doe v. Doe,* 122 Md.App. 295, 354, 712 A.2d 132 (1998), *rev'd on other grounds,* 358 Md. 113, 747 A.2d 617 (2000). Such a confiden-

---

2. Appellants also refer to an allegation that "promotional agendas claiming mercury fillings are safe when the ADA has either chosen a path of willful ignorance of the science or concealed it." As is apparent, the allegation expressly is limited to the ADA. Even if it were not, it alleges concealment.

tial relationship exists where "confidence is reposed, and in which dominion and influence resulting from such confidence may be exercised by one person over another." *Midler v. Shapiro*, 33 Md.App. 264, 268, 364 A.2d 99 (1976) (citations omitted).

■ Appellants have not alleged facts demonstrating that a confidential or fiduciary relationship existed between appellants and appellee giving rise to a duty to disclose.

In *Lubore v. RPM Associates, Inc.*, 109 Md.App. 312, 331, 674 A.2d 547 (1996), we recognized an exception, specifically, absent a duty to disclose, "[o]ne who conceals facts that materially qualify affirmative representations may be liable for fraud." *Id.; Finch v. Hughes Aircraft Co.*, 57 Md.App. 190, 239, 469 A.2d 867 (1984). The allegations are not sufficient to bring the complaint within this exception. Appellants do not allege specific affirmative misrepresentations but allege that appellee participated in promoting the view that science has not established that implanted fillings containing mercury pose a health risk.

### *An Expression Of An Opinion Does Not Give Rise To A Claim For Fraudulent Concealment*

■ A professional association's assessment of an issue debated in medical, scientific, or technical literature does not give rise to an actionable fraudulent concealment. This Court has held that fraud claims must be based on fact, not vague statements or expressions of opinion. *McGraw v. Loyola Ford, Inc.*, 124 Md.App. 560, 582, 723 A.2d 502 (1999). Appellants do not allege misrepresentation or concealment of any specific fact. Rather, appellants allege the existence of a dispute concerning the safety of implanted dental fillings containing mercury, which has been the subject of numerous studies. The fact that appellee has taken the position that such studies have not shown the danger and that the fillings do not pose a significant health risk does not constitute fraudulent concealment.

**568**

For the foregoing reasons, we shall affirm the decision of the circuit court.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY AFFIRMED.**

**COSTS TO BE PAID BY APPELLANTS.**