# Carroll Electric Co., Appellants, *v.* Irwin & Leighton.

*Contracts—Written contracts—Building—Time of completion —Subcontractors.*

The defendants, as contractors, undertook the construction of a public building in the City of Washington. The plaintiffs were subcontractors for the electrical work and wiring of the building. There was delay in the construction of those parts of the work which necessarily had to be done before the plaintiffs could do their work. The plaintiffs sought to recover from the defendants certain excess costs which it was alleged were incurred by reason of the failure of the defendants to have the work in such shape that the plaintiffs could fulfill their obligations within the time contemplated.

It appeared that neither in their contract with the government nor in the several contracts with the various subcontractors was time made a matter of the essence of the contract with respect to the duty of the defendants. In their contract with the plaintiffs, however, the defendants had made time a matter of the essence of the plaintiffs' undertaking.

The trial court properly held that since the plaintiffs had not protected themselves, by their contract, as to the time within which they should be permitted to do their work, they had no right of action to recover for any loss occasioned by delay.

Argued October 20, 1922. Appeal, No. 105, Oct. T., 1922, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1920, No. 2563, in favor of defendant on affidavit of defense raising questions of law in the case of Harry R. Carroll and Louis D. Carroll, copartners; trading as Carroll Electric Company, v. Alexander D. Irwin, Jr., and Archibald O. Leighton, copartners, trading as Irwin & Leighton. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover excess costs of performing contractual obligations.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for defendant on motion for disposition of questions of law raised by affidavit of defense. Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*Jno. McConaghy, Jr.,* for appellants.—Ordinarily a contractor is liable to a subcontractor for losses consequent on delays in the progress of the work, not attributable to himself: Pitt Construction Co. v. Dayton, 237 Federal 305; Selden Breck Construction Co. v. Univ. of Michigan, 274 Federal 982; Cramp v. Central Realty Corporation, 268 Pa. 14; Sheehan v. Pittsburgh, 213 Pa. 133.

*Thomas M. Hyndman,* and with him *Frederick C. Newbourg, Jr.,* for appellees.—There was no obligation on the part of the defendants to permit the plaintiffs to do their work except when the progress of the building required it: Lancaster City School District v. American Fidelity Co., 27 District Reports 712; Haydnville Min. & Mfg. Co. v. Art Institute, 39 Federal 484; Gross v. N. Pacific Hospital Assn., 50 Washington 236; Pressy v. McCormack, 235 Pa. 443.

OPINION BY TREXLER, J., March 2, 1923:
Irwin and Leighton, the defendants, were the contractors for the construction of a building and a tunnel for the United States government at Washington. The plaintiffs as subcontractors undertook to do the electrical work required. The plaintiffs' statement of claim sets forth the written contract between them and the defendants; that in said contract the plaintiffs were to complete their work on the building on or before January 28, 1919, and on the tunnel on or before October 13, 1918; they allege, the defendants did not progress with the work so as to enable said plaintiffs to complete their part before the dates respectively set forth above, and

that, in consequence, they were obliged to do the work after said dates and the cost of labor which had been 75 cents per hour, had risen in the meanwhile to $1.10 per hour. They sue for the extra cost of labor and the increase of insurance and the cost of superintendence. The defendants demurred to the statement raising the point of law that under the written contract, which was the basis of the plaintiffs' case, there was no liability for the delay, attaching to the defendants. The lower court sustained the contention of the defendants that there was not sufficient appearing in the plaintiffs' statement of claim to warrant a recovery and entered judgment on the pleadings in favor of the defendants. We are now asked to review the matter.

The contract states that the entire agreement of the parties is contained in the contract. As to the electrical work, the subcontractors were to stand in the place of the contractors. The contractors' time for the completion of the work was set out in the contract. There is a very pertinent clause in the contract, which throws light on the intention of the parties in regard to the particular matter we are considering: "It is expressly covenanted and agreed by and between the parties hereto that time is and shall be considered as of the essence of the contract on the part of the subcontractor, and that the said subcontractor, agrees to prosecute the work under this contract with great diligence, and deliver his materials to the building and install same when he is requested to do so by the contractor." The fourth paragraph provides "The subcontractor will supply all materials and do all work required hereunder in harmony with the other contractors employed on the building, and with such speed that the contractor and his other subcontractors shall be enabled, so far as the assistance of this subcontractor is requisite, to complete the said building, within the time stipulated by the contract with the owner. Any extension of time on account of delay caused by the act, neglect or default of the contractor,

owner, architect or any other subcontractor employed on the job, will not be allowed unless a claim therefor is presented in writing to the contractor within forty-eight hours after the occurrence of the delay......It is further understood and agreed that the contractor is obliged to pay to the owner the sum of four hundred dollars ($400) for each and every day's delay in the completion of the work. For each and every day's delay for which the contractor shall be compelled to pay, which has been wholly or in part caused by the default of this subcontractor, the subcontractor will pay to the contractor the sum of four hundred dollars ($400) per day. Any indebtedness hereunder may be deducted from the contract price." Referring to the paragraph first quoted above in regard to time being of the essence of the contract, it will be seen, this covenant relates only to the subcontractor. Had the parties wished to have it apply to both parties, the sentence would merely have stated that time was the essence of the contract, but with the words added "on the part of the subcontractor" it was evident that the general expression was to be limited. As declared by the lower court the particular mention of the one party excluded the other. The contract between the government and the general contractor which is set out in the pleadings safeguarded the government as against the main contractors, and in turn this contract between the contractors and the subcontractors pursued the same policy. Apparently the main contractors had taken enough responsibility in the contract with the government. They were to be responsible to the government for the completion of the job involving their diligence and that of the subcontractors. As to them time was to be of the essence of the contract, but the government reserved the right to suspend the progress of the work. In their contract with the plaintiffs they in turn assumed no liability to the subcontractors for the lack of diligence of any one of their number. The plaintiffs' statement merely alleges failure on the part of the

defendants to complete, but does not state whether this was due to defendants or the subcontractors.

Furthermore the subject-matter of delay seems to have been covered by the expression that "any extension of time on account of delay caused by the act, neglect or default of the contractor, owner, architect or any other subcontractor will not be allowed," unless a claim be presented in writing for the same, etc. The contractors seem to hold the subcontractors to the completion of their part within a certain time. If they could not do their work in the time set by reason of some one else's neglect, they might be taking the proper method to have the time extended. Certainly the plaintiffs when they took this job knew that they had to work in connection with other subcontractors as the contract specifically alludes to this fact, and they assumed the risk of a delay due to so many parties participating in the work. Had the price of labor gone down after the time of completion, the delay would have been to their advantage, but the main contractor could not have shared in the decrease in cost, neither are they under the contract required to make good the loss by reason of an advance in price. In the case of Haydnville Min. & Mfg. Co. v. Art Institute, 39 Federal Reporter 484, in a contract very much like this, the court held that the subcontractor was entitled to further time, when through the tardiness of some one they were delayed, but that they were not entitled to pecuniary damages, and we make use of the language contained in the opinion, "Evidently the parties anticipated that this contractor, doing only a part of the work, and that which was largely dependent upon the completion of other classes of the work by other contractors, must await the movements of these other contractors; and it seems to me that the stipulation for further time to complete the work in case of delay by other contractors implies that there is to be no pecuniary compensation for such delay." See also Goss v. Northern Pacific Hospital Association, 50 Wash-

ington Reports 236 (1908); Norcross v. Wills, 130 N. Y. App. 470 (1909).

The defendants raise the point that the plaintiffs continuing to work without complaint or protest cannot make any claim for damages by reason of the delay: Coryell v. Dubois Borough, 226 Pa. 103; Pressy v. McCormack, 235 Pa. 443. Perhaps when the time set in the contract expired, they might have declined to proceed, and could have recovered for the work then done. Even this is doubtful under the clause which provides for an extension of time, but we do not think it is necessary to go into this part of the subject for under the express wording of the contract, we must hold that the plaintiffs are not entitled to damages for the delay.

The assignments of error are overruled and the judgment is affirmed.