CONTINENTAL MASONRY CO., INC. *v.* VERDEL
CONSTRUCTION COMPANY, INC.

[No. 99, September Term, 1976.]

*Decided February 24, 1977.*

*Motion for reconsideration filed March 21, 1977; denied April 4, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, J.J.

*Michael I. Gordon,* with whom were *Smullian & Gordon* and *Allen L. Fox* on the brief, for appellant.

*M. Natalie McSherry,* with whom were *W. Hamilton Whiteford, Nevett Steele, Jr., Robert M. Wright* and *Whiteford, Taylor, Preston, Trimble & Johnston* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

The appellant in this action in assumpsit seeks a determination by this Court that a general contractor ordinarily has, unless a contrary intent is manifest in its subcontract agreements, an implied obligation to take all reasonable steps necessary to insure that each subcontractor is not delayed in its performance by actions of omission or commission on the part of other subcontractors. We do not decide this question, however, since we conclude that even if

such a claim may be maintained in this State,[1] the appellant's declaration fails to allege facts necessary to constitute it.

Plaintiff-appellant Continental Masonry Co., Inc., sought damages in the Court of Common Pleas of Baltimore City for breach of an "implied obligation" alleged to be a part of its agreement to perform masonry subcontract work for defendant-appellee Verdel Construction Co., Inc., the general contractor for the Science-Allied Health Building at Essex Community College in Baltimore County. The trial court sustained Verdel's demurrer to the first count of Continental's third amended declaration, and entered final judgment against it pursuant to Maryland Rule 605. We granted certiorari on our own motion before the Court of Special Appeals considered the matter, and now affirm the trial court's sustaining of the demurrer as to that count without further leave to amend.

Although the third amended declaration contains three counts, only the first is important here since the other two make no claim against the appellee. This first count in relevant part alleges:

> That on or about April 10, 1973, the Plaintiff, as subcontractor, entered into [an] Agreement with Defendant, Verdel Construction Company, Inc., to perform the masonry subcontract work required for the construction of the Science-Allied Health Building of the Essex Community College in Baltimore County, Maryland, at and for the price of

---

1. Although the decisions in this area are sparse, it appears fairly well settled that a general contractor is under an implied obligation not to delay or hinder, by his own actions, performance by a subcontractor. *Cf.* Griffith v. Scheungrab, 219 Md. 27, 34, 146 A. 2d 864, 868 (1959). As to whether the general contractor's obligation extends so far as to make it responsible for delays to a subcontractor caused by other subcontractors, *see, e.g.,* Norcross v. Wills, 198 N. Y. 336, 91 N. E. 803 (1910); Carroll Elec. Co. v. Irwin & Leighton, 80 Pa. Super. Ct. 438 (1923); Doyle & Russell, Inc. v. Welch Pile Driving Corp., 213 Va. 698, 194 S.E.2d 719 (1973); Edward E. Gillen Co. v. John H. Parker Co., 170 Wis. 264, 171 N. W. 61 (1919). *See generally* Annot., 16 A.L.R.3d 1252 (1967).

Three Hundred Thirty-Five Thousand, Two Hundred Dollars ($335,200.00).

* * *

That in considering [the] Contract, Plaintiff relied upon the progress schedule promulgated by Defendant, Verdel Construction Company, Inc., and the completion date of March 23, 1974, as set forth in Article 12.5 of the Supplementary Instructions to Bidders (Page 2) included in the documents heretofore filed in this action as a supplement to the Answer to Demand for Written Instruments requested by Defendant, Dietrich Brothers, Incorporated, with which said date and time period all subcontractors were to coordinate the time of their work. The Agreement . . . of April 10, 1973, hereinabove referred to, provided that if the subcontractor failed to promptly and diligently prosecute his work, the general contractor, the Defendant, had the right to terminate the Contract and replace the subcontractor.

That as work progressed, the structural steel subcontractors, The Prosser Company, Inc., and Dietrich Brothers, Incorporated, failed to perform adequately and the Defendant, Verdel Construction Company, Inc., failed to take action to require said subcontractors to perform adequately, as a result of which there was a general job slowdown, thereby greatly extending the period of construction.

That as a result of said extended period of construction, Plaintiff was required to leave scaffolding in place and to incur severely increased costs for materials, labor and to pay interest on borrowed money to sustain the job, as a result of which the Plaintiff suffered a monetary loss well in excess of One Hundred Thousand Dollars ($100,000.00).

That the Defendant owed to the Plaintiff an implied obligation not to delay the performance of

Plaintiff's work and was responsible to take all reasonable steps to insure the work proceeded without undue delay, but in violation of that implied obligation, Defendant did not take adequate or reasonable steps to insure that the work proceeded without delay and, in fact, permitted the same to be delayed for an extended period of time; that the failure to act on the part of the Defendant was the proximate cause of said delay, in that said Defendant permitted the structural steel subcontractors, who were under his control and direction, to delay in the performance of their responsibilities to properly man and supply the job in violation of the terms of their subcontracts, the said Contracts between Plaintiff and Defendant, Verdel Construction Company, Inc., not exonerating said Defendant in such instances.

WHEREFORE, this suit is brought and Plaintiff claims Two Hundred Thousand Dollars ($200,000.00) damages.

Maryland Rule 301 c requires that declarations contain "a clear statement of the *facts* necessary to constitute *a cause of action* . . ." (emphasis supplied). In this State in order for a declaration in assumpsit to withstand a demurrer attack it must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant. In considering the sufficiency of the narr now before us, we should keep in mind that any ambiguity or uncertainty in the allegations is to be construed against the pleader, *Carder v. Steiner*, 225 Md. 271, 276, 170 A. 2d 220, 222 (1961), and that "the necessary allegations of fact sufficient to state a cause of action . . . in a simple factual situation vary from those in more complex factual situations and a form of declaration useful in the former situation may not be sufficient as a guide in preparing a declaration in the more complex case." *Read Drug v. Colwill Constr.*, 250 Md. 406, 413, 243 A. 2d 548, 553 (1968). Similarly, although made

in the context of a negligence action rather than with regard to one in assumpsit (a difference we regard as having no significance), the statement of Judge Singley for the Court in *Myers v. Montgomery Ward & Co.*, 253 Md. 282, 292, 252 A. 2d 855, 861 (1969) embraces this thought:

> [W]hile a general averment of negligence following a simple statement of the defendant's act or omission may be adequate in simple situations, *in more complex situations where the breach of duty is not readily apparent*, an averment of negligence will be regarded as a mere legal conclusion, since the general characterization of an act or omission as negligent or of a condition as unsafe is not usually a sufficient statement of the supposed ground of liability. [(Emphasis added.) *See Greenbelt v. Pr. George's Co.*, 248 Md. 350, 360, 237 A. 2d 18, 24 (1968).]

In applying these pleading principles to count one as last amended, it is clear to us that the skeletal factual allegations accompanied by nothing more than mere conclusions and general averments of a breach of a contractual duty do not suffice to establish Continental's somewhat unique and sophisticated claim. Assuming that the appellant alleged facts with sufficient certainty and definiteness to show the obligation owed by the appellee, the only statements which possibly could be construed to constitute a breach of that obligation are little more than very general argumentative conclusions. These statements — that when other subcontractors "failed to perform adequately" the prime contractor "failed to take action to require said subcontractors to perform adequately . . . [causing] a general job slowdown," and that "Defendant permitted the structural steel subcontractors, who were under his control and direction, to delay in the performance of their responsibilities to properly man and supply the job in violation of the terms of their subcontracts" — as well as those accompanying them, do not provide facts sufficient to "[inform] the court, whose duty it is to declare the *law*

arising upon these facts, and to apprise the opposite party of what is meant to be proved, in order to give him an opportunity to answer or traverse it." *Read Drug v. Colwill Constr., supra* at 414 [554], *quoting Gent v. Cole,* 38 Md. 110, 113 (1873) (Alvey, J.); *see Fletcher v. Havre de Grace Co.,* 229 Md. 196, 200, 177 A. 2d 908, 909-10 (1962). Because Continental's characterization of Verdel's conduct is nothing more than a conclusory expression of opinion without factual allegations to support it, the declaration is insufficient to state a valid cause of action, and the demurrer to the amended first count was properly sustained.

We further conclude that since Continental has been afforded four opportunities to assert a valid claim against Verdel and has failed to do so, there was no abuse of the trial court's discretion in refusing to allow the appellant a fifth try. *Hall v. Barlow Corporation,* 255 Md. 28, 39, 255 A. 2d 873, 878 (1969); *Town of Somerset v. Board,* 245 Md. 52, 61, 225 A. 2d 294, 300 (1966); *Blevins v. Mullan Contracting,* 235 Md. 188, 194, 201 A. 2d 348, 351-52 (1964).

*Judgment affirmed.*
*Costs to be paid by appellant.*