697 A.2d 1371

Eric BOBO

v.

STATE of Maryland.

No. 113, Sept. Term 1996.

Court of Appeals of Maryland.

Aug. 22, 1997.

Mark E. Herman, Baltimore, for Appellant. ·

Julia M. Freit, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, RAKER and WILNER, JJ.

KARWACKI, Judge.

This case presents the novel question of whether there exists a cause of action against personnel employed in the Office of the Clerk of the District Court of Maryland for damages arising from the wrongful arrest and detention of an individual on a bench warrant that had already been served upon the offending party. The trial court ruled that petitioner, Eric Bobo, had not stated a cause of action in negligence and dismissed the case on the State's motion. For reasons to be discussed below, we agree with that judgment and shall affirm the dismissal of Bobo's claims.

## I.

In considering a motion to dismiss for failure to state a cause of action pursuant to Maryland Rule 2–322(b)(2), a trial court must assume the truth of all well-pleaded relevant and material facts in the complaint, as well as all inferences that reasonably can be drawn therefrom. *Stone v. Chicago Title Ins. Co.*, 330 Md. 329, 333, 624 A.2d 496, 498 (1993); *Odyniec v. Schneider*, 322 Md. 520, 525, 588 A.2d 786, 788 (1991). To this end, the facts comprising the cause of action must be pleaded with sufficient specificity. Bald assertions

and conclusory statements by the pleader will not suffice. *Continental Masonry Co. v. Verdel Constr. Co.,* 279 Md. 476, 481, 369 A.2d 566, 569 (1977). Further, while the words of a pleading will be given reasonable construction, when a pleading is doubtful and ambiguous, it will be construed most strongly against the pleader in determining its sufficiency. *Hixon v. Buchberger,* 306 Md. 72, 75, 507 A.2d 607, 608 (1986); *Read Drug & Chem. Co. v. Colwill Constr. Co.,* 250 Md. 406, 416, 243 A.2d 548, 555 (1968). Dismissal is proper only if the alleged facts and permissible inferences, so viewed, would, if proven, nonetheless fail to afford relief to the plaintiff. *Morris v. Osmose Wood Preserving,* 340 Md. 519, 531, 667 A.2d 624, 630 (1995). On appeal, a reviewing court must determine whether the trial court was legally correct, examining solely the sufficiency of the pleading.

## II.

Bobo filed suit in the Circuit Court for Baltimore City against the State of Maryland, sounding in negligence under the Maryland Tort Claims Act, Maryland Code (1973, 1989 Repl.Vol., 1995 Supp.), § 12–101 *et seq.* of the Courts and Judicial Proceedings Article (hereafter "CJ"). The State filed a Motion for Dismissal or Summary Judgment, in response to which Bobo filed a Motion for Partial Summary Judgment on the issue of liability. Following a hearing on the motions on June 7, 1996, the circuit court denied Bobo's motion and dismissed the case. A written order to that effect was filed on June 13, 1996. Bobo filed a timely appeal from that judgment. This Court issued a writ of certiorari prior to consideration of the matter by the Court of Special Appeals.

## III.

Bobo asserts on appeal that he properly stated a claim in negligence against the clerk's office personnel. The court clerks employed in the Office of the Clerk of the District Court of Maryland, he maintains, had a duty to prepare "the necessary paperwork" to recall an original bench warrant

issued for his arrest because he failed to appear for trial on a traffic citation where he had earlier been arrested on a true test copy of the same warrant and appeared for trial of the traffic offense with which he was charged. That is to say, the court clerks were required to generate a warrant recall authorization for approval by a judge. He states further that (1) "the Clerk breached his duty as Court Clerk to perform the tasks set forth by the State as the correct procedure to be followed in the performance of tasks of Court Clerks;" (2) "the Clerk, as an employee, breached the tasks set forth by his supervisor as part of the Court Clerk's contract for employment with the State of Maryland;" and (3) "the State of Maryland violated its[ ] constitutional duty to not restrain the liberty interests of the citizens of the State without due process by rearresting and imprisoning [him] for ten days on a warrant which had already been served." As a result of this breach, he continues, he was unlawfully deprived of his liberty. The State disagrees that the facts, as proffered by Bobo, and reasonable inferences drawn therefrom, afford him any relief. Dispositive of the matter, it contends, is the absence of the duty element of the cause of action, which precludes recovery.

In his Amended Complaint, which was before the trial court at the motions hearing, Bobo set forth the following material facts:

"1. On September 5, 1993, Plaintiff was stopped by a Baltimore City Police Officer allegedly because plaintiff's headlights and taillights were out. At that time, Plaintiff was arrested for driving on a suspended license and issued a citation 0M680875.

2. Plaintiff appeared before a commissioner. He was released on his personal recognizance and was given a copy of his charging papers and given a trial date of 10/12/93.

3. On September 17, 1993, a commissioner rescheduled a trial date for October 22, 1993.

4. No notice of the new trial date was mailed to Plaintiff and no copy of the notice was placed in the file and no

computer entry was made that plaintiff was notified of the new trial date.

5. On October 22, 1993, a bench warrant was issued based upon Plaintiff's failure to appear for the October 22, 1993 trial date.

6. According to procedure, all bench warrants to be served outside the city of Baltimore are forwarded to one location. Plaintiff's address at the time the bench warrant was issued was in Upper Marlboro, Maryland, which is located in Prince George's County.

7. On May 10, 1994, Plaintiff was arrested in Baltimore City in connection with a different matter, Case No. 00492768B3. Upon booking and processing, the Baltimore City Police department learned that Plaintiff had a new address of 401 Long Island Avenue, Apt. # 4, Baltimore, Maryland, 21229.

8. While in custody on case no.: 00492768B3, or shortly thereafter, an open warrant check was conducted, and the Central Records system revealed the outstanding warrant.

9. A Baltimore City police officer contacted defendant's employee Dale Robinson advising of the need for a true test copy of the warrant in case no.: 0M680875. The officer appeared in person and secured a true test copy of the warrant.

10. Prior to issuing the warrant, Mr. Robinson did not inquire into the status of the original warrant and did not ascertain from the police officer why a true test was needed, despite knowing that an original warrant had been issued and was out on the street awaiting service and did not deny issuance of the true test copy pending any inquiry into the whereabouts of the original warrant.

11. On May 13, 1994, at 5:00 P.M., Police Officer O. Donald Sampson served the true test warrant on Plaintiff and filed a return of service with the clerk of the District Court of Maryland.

12. On May 14, 1994, the clerk's office acknowledged receipt of the return because on May 14, 1994, a clerk

entered into their computer system that the warrant had been served along with the following entry: "Failure to Appear Suspension Recall Effective 5/14/94."

13. In addition, the true test warrant was placed in the case folder for citation 0M680875.

14. Plaintiff was again brought before a court commissioner and a trial date was issued in case no.: M680875.

15. The clerk's office was obligated to and was assigned the responsibility of processing a retake of an original warrant once notified that a true test was served. It is the routine and practice that the clerk's office process a retake of an original warrant once notified that a true test was served.

16. On July 25, 1994, plaintiff appeared in Court in case no.: M680875. As a result of trial, plaintiff was sentenced to 60 days, suspended, released on unsupervised probation for 18 months, and fined $500.00, of which $400.00 was suspended, plus $50.00 court costs, to be paid through the Department of Parole and Probation.

17. On this day, while the court clerks had the file, no one notified that a retake Order or Warrant was not issued for the original warrant. The court clerks handling the file at this time knew or should should have known that the Retake Order or Warrant was not in the file and not on the computer. On this date, the court clerks could have initiated the necessary paperwork for Retake Order or Warrant.

18. On September 26, 1994, Plaintiff was again arrested and detained, but this time on service of the original bench warrant in case no.: M680875.

19. On this original warrant, plaintiff remained committed to Baltimore City jail until he made his second bail on October 5, 1994.

20. Prior to his release, again, a hearing date was set for October 31, 1994.

21. On October 12, 1994, realizing their mistake, the court notified the Plaintiff that the trial was cancelled [sic] by notice.

22. Defendants breached the standard of care due the Plaintiff, in a number of respects and in the following manner, but not limited to only these breaches:

a. Defendant's agents failed to secure any information regarding the whereabouts of the original warrant prior to issuing a true test in order to determine the necessity of whether the true test should have been issued in the first place.

b. After receiving notice that the true test had been served, defendant's agents failed to follow their own established procedures by initiating the necessary paperwork for a recall of the original warrant.

c. Once plaintiff was before the court on July 25, 1994, and the file folder was in the court, not one of the defendant's agents took note that the necessary paperwork was not in the file to recall the original warrant not took note that the computer did not contain any entry that the recall was processed despite this being an opportunity for such paperwork and/or computer review and with the authority of the Court to sign off on any of the necessary paperwork.

23. As the result of the failure of the Defendant's agents, servants and employees to act within accordance of well established rules, policies and procedures in carrying out such administrative acts, Plaintiff was rearrested, detained, had to post bail again and was otherwise injured."

As can be seen from Bobo's averments, his claims were restricted to allegations of negligence on the part of State employees—specifically, State employees who are clerks of the District Court of Maryland. Notably, he makes no claim of a State or federal constitutional violation, despite making such an argument on appeal. Therefore, we shall not address that issue and shall only look to see if there is a duty that has been violated by the employees of the Office of the Clerk of the District Court of Maryland. We find none.

## IV.

In order to state a claim in negligence, an injured plaintiff must allege a *prima facie* case against the purported tortfeasor. The basic elements of a negligence claim are: (1) a duty or obligation under which the defendant is to protect the plaintiff from injury; (2) breach of that duty; and (3) actual loss or injury to the plaintiff proximately resulting from the breach. *Baltimore Gas & Elec. Co. v. Lane*, 338 Md. 34, 43, 656 A.2d 307, 311 (1995); *Rosenblatt v. Exxon Co., U.S.A.*, 335 Md. 58, 76, 642 A.2d 180, 188 (1994); *Southland Corp. v. Griffith*, 332 Md. 704, 712, 633 A.2d 84, 85 (1993); *Lamb v. Hopkins*, 303 Md. 236, 241, 492 A.2d 1297, 1300 (1985).

> "[T]here can be no negligence where there is no duty that is due; for negligence is the breach of some duty that one person owes to another. It is consequently relative and can have no existence apart from some duty expressly or impliedly imposed. In every instance before negligence can be predicated of a given act, back of the act must be sought and found a duty to the individual complaining, the observance of which duty would have averted or avoided the injury.... As the duty owed varies with circumstances and with the relation to each other of the individuals concerned, so the alleged negligence varies, and the act complained of never amounts to negligence in law or in fact; if there has been no breach of duty."

*West Virginia Cent. & P.R. v. State ex rel. Fuller*, 96 Md. 652, 666, 54 A. 669, 671–72 (1903); *see also Bauman v. Woodfield*, 244 Md. 207, 216, 223 A.2d 364, 368 (1966) (Actionable negligence is the breach of a duty that is owed to another and, if no duty is owed, then no action can be sustained even though an injury occurred.); *Cornec v. Baltimore & O. R.*, 48 F.2d 497, 502 (4th Cir.), *cert. denied*, 284 U.S. 621, 52 S.Ct. 9, 76 L.Ed. 530 (1931) (Negligence may only be predicated upon a failure in the performance of a duty owed.). Thus, the existence of a duty is the threshold question.

Two of the relevant factors to consider in determining whether such a duty should be recognized are "the nature

of the harm likely to result from a failure to exercise due care, and the relationship that exists between the parties." *Jacques v. First Nat'l Bank,* 307 Md. 527, 534, 515 A.2d 756, 759 (1986); *see Rosenblatt,* 335 Md. at 77, 642 A.2d at 189 (Inherent in the concept of duty is the concept of a relationship between the parties out of which the duty arises.); *see also Village of Cross Keys v. United States Gypsum Co.,* 315 Md. 741, 556 A.2d 1126 (1989). In dismissing Bobo's claims, the circuit court in the case *sub judice* ruled that "this matter is devoid of any duty owed by the Clerk to the class of individuals represented by the Plaintiff in this case." A review of the pleadings and Bobo's brief on appeal supports the circuit court's ruling. Indeed, the record fails to reveal any basis upon which Bobo seeks to charge the State with a legally cognizable special relationship between himself and the clerk's office personnel. Such a relationship may be established in a number of ways: (1) by statute or rule, *McCray v. Maryland,* 456 F.2d 1 (4th Cir.1972); (2) by contractual or other private relationship, *Rosenblatt, supra;* or (3) indirectly or impliedly by virtue of the relationship between the tortfeasor and a third party, *Hartford Ins. Co. v. Manor Inn of Bethesda, Inc.,* 335 Md. 135, 642 A.2d 219 (1994). Bobo, however, fails to employ any of these means to demonstrate a duty on the part of court personnel to recall the October 22, 1993 warrant. He cites no statute, rule, or mandated court practice to support his bald assertion of the existence of a duty to perform this task. While the Clerk's Office *may* have on occasion arranged for the recall of warrants, Bobo's complaint failed to identify the source from which such a duty arose. *Compare* CJ § 1–605(d)(7) on the limited power given to the Chief Judge of the District Court of Maryland to approve in writing the invalidation and destruction of certain warrants for arrest; Md. Rules 4–247(b), 4–248(b) on the requirement that the court clerk "take the action necessary to recall or revoke any outstanding warrant" upon the entry of a *nolle prosequi* or the stet of a charge, respectively. Similarly, although Bobo baldly asserts that the court clerks breached the tasks set forth as part of their contracts of employment, he does not attach a copy of

the alleged contract or otherwise identify the tasks contractually required of a court clerk. His failure, therefore, to plead properly a cause of action and, in particular, a duty undermines his alternate theories of liability.

The existence of a duty is a matter of law to be determined by the court and, therefore, is an appropriate issue to be disposed of on motion for dismissal. We hold that the trial court properly dismissed Bobo's case for failure to state a claim upon which relief can be granted.

*JUDGMENT AFFIRMED, WITH COSTS.*